**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Virginia Simon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 9571 |
| | ) | |
| Velocity Investments, LLC, a New Jersey | ) | |
| limited liability company, and CACH, | ) | |
| LLC, a Colorado limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Virginia Simon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Virginia Simon ("Simon"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Metris credit card account, despite the fact that she had demanded, as was her right, that collection actions cease, and despite the fact that she

was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Velocity operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Velocity was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  CACH operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendants Velocity and CACH are bad debt buyers, which buy large portfolios of defaulted consumer debts for pennies on the dollar, which they then collect upon through other collection agencies.

7.      Defendants are each authorized to conduct business in the State of Illinois

2

and maintain registered agents within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, both Defendants conduct extensive and substantial business in Illinois.

8.      Defendants are each licensed as a debt collection agency in the State of Illinois, <u>see</u>, records from the Illinois Department of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.      Ms. Simon is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Metris.  At some point in time after that debt became delinquent, Defendant CACH bought Ms. Simon's Metris debt.  When Defendant CACH began trying to collect the Metris debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10.     Specifically, Defendant CACH hired the Law Office of Larry Roach to demand payment of the Metris debt from Ms. Simon, which did so by sending her a collection letter, dated September 28, 2009.  A copy of this collection letter is attached as Exhibit <u>C</u>.

11.     Accordingly, on November 3, 2009, one of Ms. Simon's attorneys at LASPD informed Defendant CACH, through its attorney, that Ms. Simon was represented by counsel, and directed CACH to cease contacting her, and to cease all further collection activities because Ms. Simon was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached at Exhibit <u>D</u>.

3

12.     Instead of ceasing collections, however, Defendant CACH then sold/transferred/assigned the account to Defendant Velocity.  Defendant Velocity then sent Ms. Simon a collection letter, dated April 2, 2012, which demanded payment of the Metris debt.  A copy of this collection letter is attached at Exhibit <u>D</u>.

13.     Accordingly, on May 7, 2012, Ms. Simon's LASPD attorney sent Defendant Velocity a letter, again directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached at Exhibit <u>E</u>.

14.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

16.     Plaintiff adopts and realleges ¶¶ 1-15.

17.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

18.     Here, the letter from Plaintiff's agent/attorney, LASPD (Exhibit <u>D</u>), told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit <u>E</u>), Defendants violated § 1692c(c) of the FDCPA.

4

19.    Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

20.    Plaintiff adopts and realleges ¶¶ 1-15.

21.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

22.    Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff.  By directly sending a collection letter to Plaintiff (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23.    Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24.    Plaintiff adopts and realleges ¶¶ 1-15.

25.    Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt. Defendant CACH, by selling accounts in which there was a cease collections demand/notice of attorney representation, and Defendant Velocity, by either not finding out if there was a cease collections/notice of attorney representation on Plaintiff's account, or ignoring the fact that there were such restrictions on the account, used unfair or unconscionable actions, in violation of § 1692f of the FDCPA.

26. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Virginia Simon, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of all Plaintiff, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Virginia Simon, demands trial by jury.

Virginia Simon,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: November 30, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com